IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER DAVID BROWN,**

        **Plaintiff,**

        v.                          CASE NO.  16-3132-SAC-DJW

**JAMES HEIMGARTNER, Warden,**
**El Dorado Correctional**
**Facility, et al.,**

        **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed for the reasons stated below. If he can show good cause, he must also file a complete, proper Amended Complaint that cures all the deficiencies discussed below.

Plaintiff is an inmate at the El Dorado Correctional Facility in El Dorado, Kansas (EDCF). He filed this pro se civil complaint under 42 U.S.C. § 1983. Because plaintiff is a prisoner suing government officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant

immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Even a cursory examination of the first 813 pages submitted by plaintiff in this case reveals that the complaint is deficient in many ways.

First, the 63-page complaint violates Rule 8 of the Federal Rules of Civil Procedure because it is not a short and plain statement of plaintiff's claim. Plaintiff's violation of this Federal Rule is completely unwarranted. His main claim in his allegations and exhibits is that magazines mailed to him were censored because they contained sexually explicit materials.[1] Plaintiff is not excused from complying with the Federal Rules and local court rules simply because he proceeds pro se or a prisoner. Plaintiff is required to file an Amended Complaint that complies with Rule 8.

Second, the complaint violates D.Kan. Rule 9.1(a) because plaintiff has not actually submitted his claims and supporting facts upon the court-approved forms. Instead, he marks "see attached" in many of the spaces for responses and then attaches numerous pages of handwritten, run-together, sometimes illegible

---

[1] This claim is not properly joined with the myriad other unrelated claims mentioned in the complaint. The Federal Rules provide rational limits upon the parties and claims that may be joined in a single action. See FRCP Rule 20(a)(2) and FRCP Rule 18(a). Briefly summarized, claims that are not based upon the same set of transactions and are against different defendants belong in different lawsuits. Requiring adherence in prisoner suits to the rules regarding joinder of parties and claims prevents the sort of morass a multiple claim, multiple defendant suit produces. It also prevents prisoners from "dodging" the fee obligations for each lawsuit they decide to file and the three strikes provisions of the Prison Litigation Reform Act.

and certainly prolix statements.  He does not present distinct counts, separately followed only by the supporting facts for that particular count.

Plaintiff has improperly and unnecessarily submitted 750 pages of exhibits with his complaint.  Proof of claims is not required until a later stage in court proceedings.  When a plaintiff provides exhibits he must clearly refer to each in the complaint, for example by using an identifying number, and explain its significance in the complaint.  The court is not obliged to parse plaintiff's voluminous attachments, a few of which are duplicates, in search of either a factual basis or legal support for plaintiff's claims.  It is plaintiff's responsibility to plainly assert a constitutional claim and supporting facts in his complaint.

In addition, plaintiff fails to adequately allege personal participation on the part of each and every one of the 60-plus defendants named in the complaint.  "[P]ersonal participation in the specific constitutional violation complained of is essential."  *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)(citation omitted).  In order "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific

3

legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Araphoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff does not adequately describe the personal involvement of each named defendant in an allegedly unconstitutional mail censorship incident. While plaintiff makes numerous broad and conclusory assertions of constitutional violation, he fails to specify what defendant made the decision to censor what particular materials that were mailed to him and on what date each censorship incident occurred. See *Pahls v. Thomas*, 718 F.3d 1210, 1231 (10th Cir. 2013)("Liability under § 1983 . . . requires personal involvement."). Plaintiff completely ignores the settled legal principle that a prison official cannot be held liable solely on the basis of his or her supervisory capacity. He also ignores that the mere subsequent denial or affirmance of a grievance is not sufficient to show the requisite personal participation in an allegedly unconstitutional act that occurred prior to the grievance process. See *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Furthermore, plaintiff has not alleged facts showing that he was actually injured so as to be entitled to monetary relief from any defendant. He certainly does not describe the requisite physical injury. 42 U.S.C. § 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

*Id.* Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001)(applying § 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion). Plaintiff's complaint fails to plausibly allege any physical manifestation—even a *de minimis* injury—relating to his body or harm caused to his body by the alleged censorship. Because plaintiff's complaint fails to allege physical injury, his claim for compensatory damages is barred.

In addition, plaintiff's exhibits indicate that his claims are barred by the applicable statute of limitations. Plaintiff alleges that he exhausted administrative remedies and attaches to his complaint copies of several grievances filed by him along with administrative responses. However, he complained about incidents in those grievances that occurred more than two years prior to his filing of this complaint on June 21, 2016. The statute of limitations applicable to a § 1983 lawsuit is determined from looking at the appropriate state statute of limitations. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). In Kansas, K.S.A. § 60-513(a) provides a two-year statute of

limitations for personal injury claims. *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F .3d 1184, 1188 (10th Cir. 2006)(citations omitted); *see United States v. Kubrick*, 444 U.S. 111, 120 (1979); *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).  Plaintiff's claims based on events that occurred prior to June 21, 2014, are time-barred.

Plaintiff is ordered herein to show cause to United States District Court Judge Crow why this action should not be dismissed due to the deficiencies in his complaint.  If plaintiff can show good cause why this action should not be dismissed, then he must also submit a complete and proper Amended Complaint that cures all the deficiencies discussed above.  An Amended Complaint completely supersedes the original complaint, and therefore must name all parties in the caption and contain all claims and allegations that the plaintiff intends to pursue including those to be retained from the original complaint.  Plaintiff may not simply refer back to his original complaint.  Any claims not included in the Amended Complaint shall not be considered.  The Amended Complaint must be submitted upon court-approved forms, and the number of this case (16-3132) must be written in the caption on the first page. Plaintiff must fully utilize the forms and answer every question on the forms.  Plaintiff must omit any improper defendants, and

improperly joined claims and describe the acts of each defendant in each censorship event. Plaintiff must provide the date of each challenged event and include only events that occurred within the two-year period immediately preceding the filing of this action. Plaintiff must refer to and explain every exhibit that he submits with his complaint. The court repeats that once an Amended Complaint is filed, the original complaint and the attached exhibits will not be considered further. If plaintiff fails to comply with any of the foregoing orders or cure any of the deficiencies discussed herein within the prescribed time, this action may be dismissed without further notice for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to show good cause, in writing, to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein; and in which to file a complete and proper Amended Complaint that cures all deficiencies and complies with all the foregoing orders.

The clerk is directed to send plaintiff § 1983 forms.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 24th day of June, 2016.

**s/David J. Waxse**
**David J. Waxse**
**U.S. Magistrate Judge**